IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

THOMAS RAY SIDES,        §
TDCJ #1313182,           §
                         §
            Plaintiff,   §
                         §
v.                       §        CIVIL ACTION NO. H-08-1473
                         §
WILLIAM M. ASHE II,      §
                         §
            Defendant.   §

## MEMORANDUM AND ORDER

The plaintiff, Thomas Ray Sides (TDCJ #1313182, former TDCJ #604501, #436259), is an inmate in custody at the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Sides has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. Sides proceeds *pro se* in this instance. He has also supplied a certified copy of his inmate trust fund account statement and he requests leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

## I.    BACKGROUND

Sides is presently in custody at the Pack I Unit in Navasota, Texas. His complaint does not concern the conditions of his confinement at TDCJ. In this case, Sides sues the attorney who was appointed to represent him in connection with the direct appeal from an undisclosed criminal conviction, which was reportedly entered against him in the 203rd Judicial District Court of Dallas, Texas. Sides contends that the defendant, William M. Ashe

II, violated his civil rights by failing to inform him of the result of his direct appeal or of his right to file a petition for discretionary review.  Sides alleges that the Texas Court of Criminal Appeals found that Ashe provided ineffective assistance of counsel for these reasons.[1]  Sides argues, therefore, that Ashe violated his constitutional rights.

Sides claims that he suffered worry and psychological distress for more than a year as a result of Ashe's deficient performance as appellate counsel.  Sides seeks compensatory damages and reimbursement for court costs as well as for the costs of materials used to "secure [his] rights."  The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.   <u>STANDARD OF REVIEW</u>

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is

---

[1]     Court records show that Sides was convicted of assault on a public servant and evading arrest using a motor vehicle in the 203rd Judicial District Court of Dallas County, Texas, and that these convictions were affirmed in 2006.  *See Sides v. State*, No. 05-05-01093-CR, 05-05-01098-CR, 2006 WL 1529742 (Tex. App. — Dallas, June 6, 2006).  Recently, the Texas Court of Criminal Appeals granted Sides's application for a state writ of habeas corpus and allowed an out-of-time petition for discretionary review on the grounds that he did not receive notice that the convictions had been affirmed or advice about his right to petition for discretionary review *pro se*.  *See Ex parte Sides*, No. AP-75754, 2007 WL 2653962 (Sept. 12, 2007).

immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

3

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   DISCUSSION

As noted above, the plaintiff complains that his appointed appellate attorney violated his civil rights under 42 U.S.C. § 1983 by providing ineffective assistance of counsel. A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two elements: (1) that the conduct complained of was committed by a state actor under color of state law, and (2) that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). It is well settled that criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under 42 U.S.C. § 1983. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)). Because the plaintiff's allegations against his attorney contain no state action, his § 1983 complaint against the defendant fails to state a

4

claim upon which relief can be granted as a matter of law.  *See id.*; *see also Biliski v. Harborth,* 55 F.3d 160, 162 (5th Cir. 1995).   For this reason, the complaint must be dismissed.

## IV.    <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1.    The plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**.

2.    The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Thomas Ray Sides (TDCJ #1313182) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3.    The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on  May 15, 2008.

Nancy F. Atlas
United States District Judge